In re. Vallejo. Eduardo Enrique Vallejo, Appellant in Pro Se. Elizabeth C. Farrell, Counsel for Apolline, Federal National Mortgage Association. Good morning. Mr. Vallejo, would you like to reserve any time for reply? Yes, good morning, maybe yes. Okay, this is a very simple case, Your Honor. I retained an attorney back in 2011, and I filed a bankruptcy. The attorney handled everything for me. I was working at Chase Bank at that time. I was a very good employee. I was doing loan modifications, hemp, etc. So the attorney handled everything. I didn't handle anything. And then, in about 2016, I get a letter from Fannie Mae telling me that they owe my loan since 2005. I bought my house around 24 years ago now. And so, with that letter, I decided to open up an adversary proceeding, reopen that bankruptcy. Last year, in 2023, I reopened it. I explained to the court the reasons why I was reopening the bankruptcy, and I filed the adversary proceeding very simply to quiet title. I have many, many parties, assignments, trustees, things clouding my title, my property. So that's why I filed the adversary proceeding, simply to quiet title. Then, apparently, the parties that are alleging to be servicers, and yada, yada, filed a notice of default on my property to start another foreclosure. And so, at that time, I filed for a preliminary injunction, which was denied. And that's the reason for the appeal. Is the question who you owe money, or whether you owe money? When's the last payment you made on the loan? I made a payment of $80,000 approximately in December of last year, to bring the loan current, according to whoever's collecting. It was a payment of $80,000 made. So the issue is not if I owe money. I don't believe I do after 24 years of a loan. I don't believe I do. But I would like an accounting on it. I've never gotten one. And the other questions you asked was, let me see. To whom did you? To whom? That's the best question, Your Honor. That's the best question. But it doesn't really matter to you, to whom the money is owed, does it? It does, Your Honor. Because I want to make sure that I'm paying the right party. Because if I'm spending $80,000. But it's their battle, if you're paying the wrong party. It's their battle to fight out between them. It's not you. You've made the money. It's not your problem any longer after that, is it? Yes, it is, Your Honor. Because now it appears there's a bank from Switzerland coming in and asking and demanding my home for an amount of money that I do not believe I owe. You don't want to pay it twice, right? Correct, Your Honor. That's exactly it. But you could have asked for an interpleader as opposed to an injunction, right? Say, I'm willing to make the payments whatever I owe. Just make sure. I just don't want it to be paid to somebody that doesn't hold the debt. I could have, Your Honor. But at that moment in time, they were foreclosing on my home for the third time or fourth time. And so I had to get something in and I filed the preliminary injunction. I'm not an attorney. I didn't have an attorney. The attorney was no longer on the case. So I had to do something. So that's why I filed the preliminary injunction. And then apparently it was denied. I appealed. But the case continued on. And then my quiet title action has never continued. It's been dismissed. And that's the whole issue here. Where's my due process right? I just asked for a preliminary injunction. The judge didn't grant it. Okay, so be it. I understand that. But what happens to the quiet title action? Why is that dismissed? Why can't that continue, Your Honor? Why can't I clarify what documents on title and what loans and what liens and whatever these people have put on title? If you follow it, if you go through the responding party looking at it, there's been a series of transactions that the loan obligation has been assigned. Okay, but there's no, there's, you follow that chain, there's still only one party claiming, making a claim against you. No, Your Honor. You have two people, two people at the same time. I've got two different companies making claims. At the same time? At the same time. I have Select Portfolio Servicing out of Utah. They're alleging that one of the trusts that they have created owns a loan, and yet I looked into Fannie Mae's allegation that they own the loan back in that time. And apparently here's where the issue comes in, Your Honor. They don't. They, they put this, and I don't want to get into the securitizations thing because I could talk all day about that. But they put the loan, my loan, into a REMIC, pass-through certificate, 2004-99 trust. So now who am I dealing with, Your Honor? Am I dealing with Fannie Mae? Am I dealing with the trust? Am I dealing with Select Portfolio? How many times have you raised this standing question? This is the first time, Your Honor. No, no. Well, I'm afraid the record reflects that in 2016, 2000, in 2020, I think, 2021, the court entered a vexatious litigant order, which you appealed and lost in the district court, and then ultimately never got the Ninth Circuit to review. So the vexatious litigant order was based on the fact that you'd raised standing numerous times. Against different parties. Again, it's your consistent, consistently... Your Honor, we're talking about 2011 here. I was not vexatious. I had an attorney. No, no, but... In this case. But you were told in 2021 that you could... Only a different party, Your Honor. No, that's your vision of it. The problem that we're confronted with is there's an order entered that says you can't raise standing again. You can't raise it. So what do you do? You reopen the 2011 case, and then you file the standing issue again. Yes. No, no, no. And the court... No, I'm not questioning standing, Your Honor. I'm questioning quiet title. No, you... But you sued Fannie Mae. That's a different action. That... Not the current... Not the current... No, no. Now I'm suing the trust, because Fannie Mae is no longer a party to this, Your Honor. They assigned the loan to... They sold the loan to another party. Again, this is a shell game with you in terms of who the party is that you're going to sue at what point in time, depending on what the circumstances you allege, that's the problem that the court's confronted with is. Okay. And if you're suing somebody else other than Fannie Mae now, why are we here on an appeal against Fannie Mae? No, we're not on that appeal. We're on appeal for the preliminary injunction. Why wasn't it granted? No, you didn't brief the issue on the preliminary injunction. The only issue you briefed was the dismissal of the complaint. You didn't brief the issue on the preliminary injunction denial. Okay, okay. No, because that... So you waived that question, so... Okay, Fannie Mae brought that issue up. But, all right, correct. I am appealing the dismissal of the quiet title action. Okay. And what do we care about a quiet title action for a 2011 Chapter 7 case? Yes. What do we care? Because I believe that your complaint indicated that it was for a violation of discharge injunction, which is really the only lock of jurisdiction in a closed Chapter 7 bankruptcy, right? You're not appealing... I'm not hearing anything on discharge. No, no, no. No, I'm appealing the fact that I filed an adversary proceeding. I have not received due process. No, no, no. Okay, wait. What did you... What do you believe that you filed the adversary for 13 years in a Chapter 7? It will not affect in any way the bankruptcy estate. Okay. Right? What jurisdiction then does the bankruptcy court have to reopen a case for a Chapter 7 quiet title action? Why should it ever be heard in bankruptcy? The defendants did not oppose jurisdictions. That's not the question here. Jurisdiction is a fundamental aspect that the court has an independent duty to do. Okay. Because you alleged, or at least you stated, that you were bringing a claim for violation of the discharge order, which the bankruptcy court clearly had bankruptcy for. But the problem with that is that you were... The basis of the discharge order was that they were trying to collect a secured debt, which is pretty clear. Which now became unsecured. Well, that's... That's the issue. Well, and when it became... But your only hook into bankruptcy was the violation of the discharge. And collection of a secured debt is not... No, no, no. I disagree with the secured part. Because once that note is transferred to a trust, it's no longer secured. When was it transferred to the trust? They separate the note from the deed of trust, Your Honor. That's the issue. When was it transferred to the trust? I don't know, because I've never been able to get to this point. It was after 2011, though, wasn't it? No, I've never been able to get to this point. I got the letter in 2016 from Fannie Mae. And so I looked into it, and suddenly I find out that it's been transferred to a trust, Your Honor. That's my issue. Well, Mr. Vallejo, in 2019, you entered into a loan modification. Correct. With a different entity. And at that time, you acknowledged that all prior transfers were valid and that the note that existed and the deed of trust that existed at that time were all valid. You acknowledged that in the loan modification. Then you filed the adversary proceeding and a second Chapter 13 in 2019, which ultimately resulted in the vexatious litigant order that was entered by the court in 2021. But they also denied your and dismissed your adversary proceeding at that point in time because, again, issue preclusion and claim preclusion precluded you from asserting that there was a standing problem or that somebody didn't own this loan. And again, we're back here. That's that's the basis of the of the underlying argument about standing that you keep right. I understand that, Your Honor. But standing depends on the other party. Fannie Mae has standing or it doesn't. That's why I brought in. But you just said Fannie Mae isn't a party to this transaction and it makes no difference. We're on appeal. I'm sorry, what? Now there's a trust involved because Fannie Mae allegedly transferred their interest into a trust. So which party is the real party in interest? According to Federal Rules of Civil Procedure 17, which party am I really suing here? Who is involved in this? That's what I want to do in the quiet title action. And that's the whole issue here, that I was never allowed to. Why can I not reopen a bankruptcy to clear up title? Because as Judge Spraker indicated, the bankruptcy case that you reopened didn't involve title. It involved a loan in 2011. That's the only basis of which you could raise with regard to the reopened case. So standing and who owns the loan are irrelevant to the reopening. Correct. You had no basis to be in bankruptcy. The loan was discharged, Your Honor. Whatever it was, was discharged. The personal liability was. The loan remained a lien on your property. That's the law. Not if I can prove that there's two different parties, Your Honor. It doesn't matter how many parties you prove. The lien remains. In other words, in the United States, ten parties could come and slap a lien on my property. We don't have that here, sir. I'm sorry? We don't have that here. And you have four minutes. Yeah. We have a record that shows that we have one party. It's gone from one party to another party to another party. We don't have multiple parties. I'll reserve my time, Your Honor, for that. Thank you. Good morning and may it please the Court. Elizabeth Farrell for Defendant and Appellee Federal National Mortgage Association. I believe that all of the issues that Mr. Vallejo raised are actually adequately addressed in our brief. Judge Gann, you did ask how many times standing had been raised. At the time of the vexatious litigant order, I believe the Court said it had been raised 131 times. It seems pretty apparent to me that this is an improper attempt to circumvent that vexatious litigant order. So unless the panel has any questions for me about either the scope of this appeal or the lower court's rulings, I think we'd be happy to submit on the brief. I do have a question. Appellant argues that there is no secured claim because the trust now has this. Is there a record that shows the trust was assigned the note and the deed of trust? From my understanding, and again, Fannie Mae is kind of in a tough position here because we don't have a claim of any interest, but I think our brief shows a clear chain of title. I apologize. I can try to find the assignment, but I do believe that everything, I mean the note follows the deed of, the deed of trust follows the note. So if there's an assignment, everything's going into the trust. They can't be separated. Those issues weren't briefed, however. Well, as Judge Gann said, bankruptcy doesn't wipe out the secured obligation, and I didn't see anything in the record that says that the deed of trust was reconveyed or canceled in any way. I'm not aware of that. As far as I know, the last party to hold, to be assigned the deed of trust was the CSMC Trust, which was referenced in the vexatious litigant order, which the court had confirmed had standing, had the right to seek relief, and precluded Mr. Vallejo from challenging the trust's standing to foreclose. Thank you. Mr. Vallejo, you have a little under four minutes. Okay, thank you. Just to respond to Your Honor's question, we just have confirmation that we don't know if Fannie Mae owns anything at all or ever did. We have confirmation that there is a trust out there, which is the first time right now that I have any confirmation of that. So therefore, Your Honor, all of this that I've been alleging standing issue is true. Fannie Mae never had standing. GMAC did not have standing. None of these parties have standing except for the CSMC Trust, which I know nothing about, Your Honor. So it is important to know who it is that I'm paying, who I should have paid my $80,000 to, because now I send my $80,000 to Utah, which have nothing to do with the CSMC Trust. That, Your Honor, is the problem, and that's happening throughout the United States right now. But I'm not here to represent the United States, just myself, my family. We want to know who we sent money to, Your Honor. I've been sending over 24 years money. We don't know where it's gone. I don't have an accounting. My first accounting was wrong. They started me off already delinquent when I was never delinquent. For eight years, I was never delinquent. And then the financial crisis came. Problems happened. I had to get a modification. I did request it. But that's the wrong party, because CSMC is now the real party in interest, Your Honor. That's my issue. What else can I say? I count on this court granting me the ability, in my appeal to continue with the quiet title action, in this case or a new case, against CSMC, the new party in interest, if that's correct, my request to the court. Also, I'm very upset with not granting me the preliminary injunction when I needed it. When you're behind and you can't make the payment, you're on fixed income now, it's very difficult. So I asked the court to please stop it. They did not. The court did not. So I looked for my savings, and that's all I had, and that's what I sent. And as far as chain of custody of the promissory note, Your Honor, we don't know where the promissory note is. And I'm sure if I go to CSMC, they don't have the promissory note, because I'm only to send a subpoena tomorrow to CSMC to get the copy of the promissory note. It doesn't exist, Your Honor. So I'm paying a ghost an amount of money, an enormous amount of money over the years, 24 years. So it's a lot of money to I don't know who. Is that correct, Your Honor? I don't think that's right. I don't think that's right. And I think Fannie Mae is also under the conservatorship of the U.S. government, so I don't know if the U.S. government can help me in this case to find out the truth behind it. But that's all I want, Your Honor. I just want to get to the truth for you to grant my appeal in the sense that I can file in this court, in this court's original court, or in a new court, an adversary proceeding. My vexatious litigant aspect is because I've been alleging the same thing all the time. They don't have standing, Your Honor. I'm paying the wrong parties. Just think you buy a house, you pay the wrong party, and you find out that they're foreclosing on you. You sent your money to the wrong party. That's how Americans are today. Any questions, Your Honor? No questions. No? Okay. Thank you so much. Really appreciate it. Appreciate it. The matter will be submitted, and we'll attempt to get out a decision as quickly as possible. With that, that concludes our calendar, and we'll be adjourned. Thank you all. All rise. This session is now adjourned.
judges: Spraker, Gan, Corbit